*Decision will be entered under Rule 50.*

DAVID SMALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 175. Promulgated July 21, 1944.

*Thomas N. Tarleau, Esq.*, for the petitioner.
*Walt Mandry, Esq.*, for the respondent.

1148

OPINION.

OPPER, *Judge*: The problem here is whether the controls retained by petitioner over the trust of which he was grantor-trustee, including the possible benefit available through the discretionary use of income for the maintenance of his dependents, are such as to make the trust income his own under section 22 (a) and the principle of *Helvering* v. *Clifford*, 309 U. S. 331.

In *Frederick Ayer*, 45 B. T. A. 146, we were confronted with an essentially similar problem. There, as here, the grantor retained broad powers of management.[1] The corpus consisted of stock in a family corporation of which the grantor was a director. The trusts were long term trusts, and permitted payment for the "support, education, comfort and happiness" of the grantor's minor children. But there, also, no use was made of the income for that purpose. After rejecting, on the authority of *E. E. Black*, 36 B. T. A. 346, and similar cases, the claim that the trust was on the latter ground covered by the provisions of section 167, the Board also concluded that the grantor was not taxable under section 22 (a). It distinguished *White* v. *Higgins* (C. C. A., 1st Cir.), 116 Fed. (2d) 312, by quoting from that opinion the statement that the grantor there "may at once pay any or all of the principal or income to herself" and by adding that as to the *Ayer* case "There are no such provisions." It seems impossible to distinguish the *Ayer* proceeding from this one.

Subsequent to the issuance of that opinion three further developments occurred. First, respondent accepted it as a matter of administrative practice and expressly acquiesced in it, 1942–1 C. B. 2, thereby augmenting the obligation of consistency if we would avoid discriminating inequitably among individual taxpayers. Second, the Supreme Court in November 1942 repudiated the theory of the *Black* case, *Helvering* v. *Stuart*, 317 U. S. 154, and thus cast doubt upon the correctness of the *Ayer* conclusion.[2] But thereafter Congress took the third step and in section 134 of the Revenue Act of 1943, see *W. C. Cartinhour*, 3 T. C. 482, 493, consummated a retroactive legislative repeal of the *Stuart* case[3] and reinstated the rule exemplified by *E. E. Black*.[4]

Under these circumstances, we view the result of the *Ayer* case as now reestablished, and hence as governing all similar situations, among which we place the present proceeding.

---

[1] His wife was the cotrustee, but it was stipulated that:
"* * * Decisions with respect to the administration and property of the trusts, including the determination of assets to be purchased or sold, were made by the petitioner, as trustee. * * * [The wife] took no active part in the administration of the trusts."
The wife was also a remote remainderman, but could not be considered as having a substantial adverse interest. *Fulham* v. *Commissioner* (C. C. A. 1st Cir.), 110 Fed. (2d) 916, 918.

[2] After the decision in the *Stuart* case respondent withdrew his acquiescence to *Frederick Ayer*, 1943 Internal Revenue Bulletin No. 13, p. 2.

[3] "(a) INCOME FOR BENEFIT OF GRANTOR.—Section 167 (relating to income for benefit of grantor) is amended by adding at the end thereof the following subsection:
'(c) Income of a trust shall not be considered taxable to the grantor under subsection (a) or any other provision of this chapter merely because such income, in the discretion of another person, the trustee, or the grantor acting as trustee or cotrustee, may be applied or distributed for the support or maintenance of a beneficiary whom the grantor is legally obligated to support or maintain, except to the extent that such income is so applied or distributed. * * *'"

[4] "Your Committee believes that the rule in effect prior to the Stuart case is a sound rule and has inserted a provision in the bill to restore the old rule." [Senate Finance Committee, S. Rept. No. 627, 78th Cong., 1st sess., p. 29.]

Respondent seeks to emphasize the clause of this trust instrument which refers to the grantor's "belief that, during the term of this trust, it would be desirable to maintain the property at 314 Summit Avenue, Syracuse, New York (if acquired as part of the trust estate) as the home for his said children, until the youngest has become twenty-one years of age." Aside from the quite evident intention to limit this provision to the contingency of the grantor's death, the failure to acquire the property as part of the trust estate eliminates the necessary condition precedent to the application of the provision. *Frank E. Wolcott*, 42 B. T. A. 1151. Giving due consideration to the entire situation and applying the principle of *Frederick Ayer*, *supra*, we conclude that the trust income is not taxable to petitioner, and that respondent's determination was in error.

Reviewed by the Court.

*Decision will be entered under Rule 50:*

---

Disney, *J.*, concurring: I can concur in the result reached in this case, but can not agree with all that is said in reaching that result. The majority opinion appears to consider the result in the *Ayer* case "as now reestablished" due to the Commissioner's acquiescence (later withdrawn), the decision in the *Stuart* case, and "retroactive legislative repeal" thereof by section 134 of the Revenue Act of 1943. As I view the matter, the result in the *Ayer* case has never been reestablished; but the basis for decision in this matter is purely statutory under section 134. So far as the *Stuart* case holds erroneous our conclusion in the *Ayer* case, it continues to be erroneous and is no authority on that point. The authority is section 134. That statute compels a result opposite from that reached in the *Stuart* case so far as concerns possible use of trust funds for support of trustor's minor children and appears to command such opposite result whether the matter be viewed under section 167 or section 22 (a). Resort to, or reestablishment of, the *Ayer* case seems on that point therefore unnecessary. Moreover, that case seems, in any event, even if considered reestablished, to render no assistance with reference to the application of section 22 (a) to possible use of trust funds for trustor's minor children, for such facts are not even mentioned in the discussion of section 22 (a). Consideration of that section seems to be limited to other elements, particularly that of broad powers of management. If we should consider that section 22 (a) was by the *Ayer* case considered as applied to the facts as to possible use of trust funds for minor children, we must note that the opposite result was reached in *Whiteley* v. *Commissioner*, 120 Fed. (2d) 782, which holds that if trust income is subject to direction by the father, the trustor,

to the support of his minor children, such trust income is taxable to him under section 22 (a) as well as 167, though in fact not so applied. In this respect, therefore, resort to the *Ayer* case or to the result therein does not seem to be in order.[1] We merely apply section 134 as denying taxation to the trustor, whether under section 22 (a) or section 167, because of possible use of trust funds for his minor children. Further, the new statutory rule is applicable only to years beginning after December 31, 1942. unless a certain showing is made in order to apply it to earlier years, to wit, a showing in effect that consent has been filed that the trust will pay the tax. Unless the trustor is, within the terms of section 134. taxable upon the income the section seems to have no effect; so that we appear to be required to find him so taxable and then relieve him as to years earlier than 1943 upon a proper showing made. The sparse facts indicated in this case appear possibly to justify such relief. Assuming, as we did in *W. C. Cartinhour*, 3 T. C. 482, 493, that the parties will be able to agree upon the application of the new legislation, I concur in the result.

LEECH and HILL, *JJ.*, agree with the above.

---

[1] Of course on the subject of broad powers of management and their insufficiency to cause taxation to trustor the *Ayer* case offers authority, but in that respect requires no reestablishment.